**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3718-24

U.S. BANK TRUST, N.A. AS
TRUSTEE OF CFMT 2024-NR1
TRUST, ASSIGNEE OF
WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF WV
2017-1 GRANTOR TRUST, ASSIGNEE
OF STERLING NATIONAL BANK,

     Plaintiff-Respondent,

v.

SUNNE RYSE D. SMITH,

     Defendant,

and

LUCILLE P. FARRELL-
SCOTT,

     Defendant-Appellant.

_____

Submitted May 27, 2026 – Decided June 26, 2026

Before Judges Gilson and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-007849-18.

Lucille P. Farrell-Scott, self-represented appellant.

Hill Wallack LLP, attorneys for respondent (Christopher A. Dzwilewski, of counsel and on the briefs).

PER CURIAM

In this residential foreclosure action, defendant Lucille P. Farrell-Scott, self-represented, appeals from a June 10, 2025 Chancery Division order denying her motion to stay the sheriff's sale and dismiss the writ of execution with prejudice. We affirm.

On June 21, 2005, defendant and non-party Sunne Ryse Smith executed and delivered a note to Weichert Financial Services (Weichert) in the original principal amount of $644,000, secured by a mortgage on property located on Edgehill Road in West Orange (the property). On March 6, 2018, Sterling National Bank (Sterling) obtained ownership of the note and mortgage by way of transfer and assignment.

This foreclosure action was instituted by Sterling in 2018. On November 7, 2019, final judgment of foreclosure was entered. At that time, the total amount due and owing was $732,238.31, plus interest from August 17, 2019,

2

taxed costs, and counsel fees in the amount of $8,420.99. A writ of execution was issued the same day.

On June 15, 2022, Sterling filed an assignment of the final judgment to Wilmington Savings Fund Society, FSB, as Trustee of WV 2017-1 Grantor Trust (Wilmington). On June 16, 2022, Wilmington, as plaintiff, submitted a pluries writ of execution to reflect the assignment of the final judgment. On September 24, 2024, a second pluries writ of execution was issued to Wilmington and recorded in the Office of the Superior Court Clerk directing the Essex County Sheriff to conduct a sale of the property.

On December 17, 2024, plaintiff's counsel notified defendant, by regular and certified mail, that the sheriff's sale was scheduled for January 7, 2025. The notice of sheriff's sale attached stated the "approximate upset amount [was] $1,063,112.54." On January 2, 2025, defendant and Smith filed an application for an order to show cause (OTSC) to stay the sheriff's sale. Before the application was heard, Smith filed for bankruptcy protection, resulting in an automatic stay of the foreclosure action. After Smith's bankruptcy was dismissed, the sheriff's sale was rescheduled for May 27, 2025.

On May 22, 2025, the court conducted a hearing to address the issues raised in defendant's January 2, 2025 application for an OTSC. Defendant, who was represented by counsel, argued: (1) she was "not provided notice . . . of the

3

original sheriff['s] sale back in January"; (2) "there was an unverified upset amount in" the notice of sheriff's sale and she had not "been provided any adequate information . . . as to how [the upset amount] came about"; and (3) the certification Sterling filed in 2019 in support of the final judgment was filed by "a prior servicer" and "under a different law firm." Defendant also contended she was attempting to convince plaintiff to agree to a short sale in the amount of $750,000, but her request was rejected.

The court adjourned the hearing to June 10, 2025. It ordered plaintiff to "provide a computation of the . . . funds that are due. In other words, how [plaintiff] got to the upset amount" by May 29. On May 29, plaintiff filed a certification in support of the upset price at the sheriff's sale in the amount of $1,075,982.02, supported by an attached schedule of the amounts due. In that certification, Wilmington also notified defendant and the court that assignments of the mortgage and final judgment in favor of U.S. Bank Trust, N.A. as Trustee of CFMT 2024-NR1 Trust (U.S. Bank), as successor to Wilmington, would "be filed shortly."

On June 5, 2025, defendant and Smith filed a motion to dismiss the pluries writ with prejudice and stay the sheriff's sale. Defendant expressly stated she did "not seek to disturb in any way the underlying judgment of foreclosure." She argued the writ should be dismissed and the sheriff's sale should be stayed

based on: (1) "[l]ack of legal standing established by opposing counsel's official appearance . . . o[n] behalf of" Sterling, "a now defunct . . . and dissolved . . . entity, that has previously assigned all its rights and interests in this action"; (2) "[o]pposing counsel's filing of a defective [p]luries [w]rit of [e]xecution by virtue of an insufficient, stale, and invalid [c]ertification of [d]iligent [i]nquiry . . . in violation of Rule 4:64-2(d)"; (3) "[m]aterial contradictions between opposing counsel's official appearance in this action" and other documents filed in the action; (4) "[o]pposing counsel's inability to produce sufficient, valid Rule 4:64-2(d) [c]ertification . . . on behalf of [p]laintiff"; (5) an "[u]nverifiable upset amount . . . based on opposing counsel's representations"; and (6) "[p]atently improper appearance for and representation of [a] defunct, dissolved entity by opposing counsel."

On June 10, 2025, after hearing oral argument, the court entered an order denying defendant's motion supported by an oral decision. The court noted "when th[e] application was first made and heard" it "had a lot to do with notice" of the sheriff's sale. It determined "any argument with respect to notice . . . [was] moot because . . . defendant[] . . . ha[d] known about th[e] sale date and prior sale dates through the . . . motions that ha[d] been heard" and had "the opportunity to . . . resolve this before the sale."

5

The court rejected defendant's "concern that the upset amount . . . was substantially more than . . . the amount of the judgment" because it previously "ordered that [plaintiff's counsel] provide . . . a breakdown as to the . . . expenses that were included in the upset amount," which he did. The court was unpersuaded by defendant's argument "with respect to the assignment of . . . the judgment" because "foreclosure judgments may be assigned either before or after a foreclosure sale" and "an assignee may, but does[ not] have to[,] be substituted as a plaintiff to participate in the post-judgment proceedings." The court noted that "there[ was] another assignment taking place [to U.S. Bank]" and "plaintiff ha[d] the right to undertake that assignment."

The court found defendant's "arguments with respect to the certifications that allegedly were not filed with respect to the writ . . . ha[d] no merit" because Rule 4:64-2(d) "only applies to [a] motion to enter judgment" and N.J.S.A. 2A:50-56.4 "only addresses the attorney filing [a] foreclosure complaint." "[A]s far as . . . standing [wa]s concerned" the court found "there [were] properly executed and recorded assignments of mortgage that show[ed] a clear chain of ownership of the mortgage" and "there[ is] no requirement that . . . a new holder of the mortgage . . . recertify . . . the amounts included in the judgment which was issued prior to the assignment." On June 19, 2025, U.S. Bank, as plaintiff,

filed an assignment of final judgment from Wilmington to U.S. Bank. This appeal followed.

On appeal, defendant argues: (1) the court "violated [her] due process rights by not ruling that [she] is entitled to notice of a scheduled foreclosure sale"; (2) the court "violated [her] due process rights by denying [her] application for [a] stay" because plaintiff "failed to establish standing" and "failed to certify its claimed foreclosure debt as required by" Rule 4:64-2(d) and N.J.S.A. 2A:50-56.4; and (3) the 2022 pluries writ of execution and 2019 certification of diligent inquiry are "stale, invalid, and facially insufficient."

We review a trial court's decision to deny a stay of a sheriff's sale for an abuse of discretion. United States v. Scurry, 193 N.J. 492, 504 (2008). We review the court's legal determinations de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

Having carefully reviewed the record in light of the applicable principles of law, we are convinced defendant's arguments lack merit and affirm substantially for the reasons expressed in the court's oral decision. We add the following comments.

Defendant's due process arguments are raised for the first time on appeal. Generally, "our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation

is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); see also J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021).

Nevertheless, even if we considered defendant's due process arguments on the merits, they are contradicted by the record. Due process is a flexible concept that "depends on the particular circumstances" of the case. Doe v. Poritz, 142 N.J. 1, 106 (1995). It requires adequate notice and the opportunity to be heard, Harrison Redevelopment Agency v. DeRose, 398 N.J. Super. 361, 403 (App. Div. 2008), which is further understood as an opportunity to be heard at a meaningful time and in a meaningful manner. Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001).

In this case, defendant was afforded adequate notice and opportunity to be heard both before and after final judgment was entered on November 7, 2019. In addition, she has been on notice of the impending sheriff's sale since December 2024 at the latest and has been given more than adequate opportunity to present her various arguments as to why the sale should be stayed and the writ vacated. The court carefully considered and rejected defendant's arguments on the merits.

Defendant's claim that the writ of execution should be vacated lacks merit. Assuming defendant did not receive notice of the initial date of sheriff's sale in violation of Rule 4:65-2, there is no reason why the underlying writ of execution authorizing the sale would need to be vacated, and certainly not vacated "with prejudice." The Rule applies to notice of a sale authorized by a writ of execution, not the issuance of the writ itself, and there is no reason why a violation of the Rule would result in the underlying writ being vacated.

Defendant's reliance on Rule 4:64-2(d) and N.J.S.A. 2A:50-56.4 is misplaced. Rule 4:64-2(d) applies only to motions to enter judgment and N.J.S.A. 2A:50-56.4 applies only to the filing of a foreclosure complaint. Defendant does not identify any applicable authority requiring the filing of a certification of diligent inquiry when applying for a writ of execution, and our research has not revealed any such requirement. The court properly concluded there is no "requirement that . . . a new holder of the mortgage . . . recertify . . . the amounts included in the judgment which was issued prior to the assignment."

We are satisfied the court correctly determined Wilmington and U.S. Bank established the assignments of the final judgment and "properly executed and recorded assignments of mortgage that show[ed] a clear chain of ownership." Defendant's apparent claim that the sheriff's sale cannot proceed because the

original plaintiff, Sterling, is now defunct is incorrect. As the court found, Sterling assigned the final judgment to Wilmington, which subsequently assigned it to U.S. Bank. The fact that Sterling is now a defunct entity is not relevant.

Importantly, defendant does not contest the validity of the November 7, 2019 final judgment. Additionally, defendant's claim that the upset amount included in the notice of sheriff's sale is "unverifiable" lacks merit. At the court's direction, defendant was provided with a breakdown of the amounts included in the upset amount, and defendant did not raise any substantive objections to the calculation provided.

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3718-24